IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 21 PM 2: 45

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| TERRENCE MCFADGON, on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05-2151-D/V |
| THE FRESH MARKET, INC., | ) ) ) | |
| Defendant. | ) ) | |

---

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

On February 25, 2005, Plaintiff, Terrence McFagdon ("Plaintiff") filed a class action complaint in the Western District of Tennessee, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, and 42 U.S.C. § 1981 alleging *inter alia,* discrimination on the basis of race. On June 13, 2005, Defendant, Fresh Market, Inc. ("Defendant" or "Fresh Market") filed the instant motion (dkt. #18) for transfer of venue. For the following reasons, the Court DENIES Defendant's motion to transfer this case to the United States District Court for the Middle District of North Carolina, Greensboro Division.

Venue is controlled by statute. <u>See</u> Fed. R. Civ. P. 82; 15 Wright, Miller, & Cooper, <u>Federal Practice & Procedure, Jurisdiction 2d</u> § 3802 (West 1986). Venue for Title VII claims is governed by 42 U.S.C. § 2000e-5(f)(3), which stipulates that a Title VII lawsuit may be filed:

> . . . in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-24-05

44

unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Title 28, section 1404 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendant seeks to transfer venue for the convenience of its witness and the potential plaintiffs in a potentially nation wide class action suit to its principal place of business located the Middle District of North Carolina. Plaintiff contends that he would not be able attend hearings or conferences in the Middle District of North Carolina and that venue is appropriate in the Western District of Tennessee pursuant to Title VII's venue provision.

The plaintiff's choice of venue is not the sole determinative factor. Roberts Metals, Inc., v. Florida Properties Marketing Group, Inc., 138 F.R.D. 89 (N.D. Ohio 1991), affirmed, 22 F.3d 104 (6th Cir. 1994). A district court has broad discretion in determining whether or not to grant a motion to transfer venue under 28 U.S.C. § 1404. Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994); see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). In ruling on a motion to transfer venue, a court should consider the private interests and convenience of the parties, the convenience for potential witnesses, and public interest concerns, such as systemic integrity, fairness, and judicial economy. Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir. 1991); see also Reed v. Fina Oil & Chemical Co., 995 F.Supp. 705, 713 (E.D. Texas 1998); 15 Wright, Miller, & Cooper, Federal Practice & Procedure, Jurisdiction 2d § 3849 (West 1986). Ultimately, the standard for granting transfer pursuant to 28 U.S.C. § 1404 is left to the discretion of the courts.

2

Stewart Organization, Inc., 487 U.S. at 29.  The court may base its decision on almost any grounds, provided that they are reasonable.  See First Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998).

Venue over this lawsuit is appropriate in the Western District of Tennessee, Plaintiff's choice of forum.  The alleged discrimination and Plaintiff's termination of employment occurred at Defendant's store located in the Western District of Tennessee.  Although Defendant is headquartered in North Carolina and keeps its corporate records there, Fresh Market subjected itself to suit by operating a store in Tennessee.

Nevertheless, Defendant urges the court to transfer this case to the Middle District of North Carolina for the convenience of the potential witnesses and plaintiffs in a nation wide class action. The party seeking the change in venue bears the burden of demonstrating that transfer is appropriate. Blane v. American Investors Corp., 934 F.Supp. 903, 907 (M.D. Tenn. 1996).  Merely shifting the inconvenience from one party to another does not meet Defendant's burden.  Plaintiff maintains that he would not be able to attend hearings and conferences outside of the Western District of Tennessee.  Pl.'s Resp. to Mot. to Transfer Venue ¶ 7.  Although, Defendant provided the court with a list of witnesses who will have to travel to Tennessee on its behalf,  the entire list is comprised of Fresh Market corporate officers. Def.'s Memo. in Sup. of Mot. to Transfer Venue, Exhibit 1 ¶ 6. At this stage of the litigation, it is not clear why the testimony of corporate officials, who presumably had no personal involvement in any decision about the Plaintiff's employment, would be necessary or appropriate.  "Considering the convenience of the parties and the witnesses, the balance does not weigh so heavily in favor of the defendant as to justify denying the plaintiff's choice of forum."  In re McDonnell Douglas Corp., 647 F.2d 515, 517-18 (5th Cir. 1981).  In In re McDonnell Douglas,

3

the Fifth Circuit re-evaluated the trial court's decision to deny a motion to transfer of venue in a Title VII action from Texas to Missouri, Defendant's principal place of business, finding that the plaintiffs' choice of forum should remain undisturbed. Id. Additionally, the putative plaintiffs have yet to be established and most would have to travel regardless of whether venue was to be transferred to the Middle District of North Carolina. Id. In the instant case, moving venue to another forum would only convenience Defendant, at the expense of substantially harming the Plaintiff.[1]

Accordingly, Defendant's motion to transfer venue to the Middle District of North Carolina is **DENIED**.

**IT IS SO ORDERED** this  20ᵗʰ  day of October, 2005.

**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**

---

[1]The fact that Plaintiff purports to bring a class action has no bearing on this analysis, as no class has been certified and no motion for class certification is pending.

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:05-CV-02151 was distributed by fax, mail, or direct printing on October 24, 2005 to the parties listed.

---

Lawrence W Williamson
SHORES WILLIAMSON & OHAEBOSIM LLC
Epic Center 1400
301 N. Main
Wichita, KS 67202

Uzo L. Ohaebosim
SHORES WILLIAMSON & OHAEBOSIM, LLC
1400 Epic Center
301 North Main
Wichita, KS 67202

Steven Hymowitz
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas P. Dowd
LAKE TINDALL & THACKSTON
P.O. Box 918
Greenville, MS 38701

Marylin E. Culp
LITTLER MENDELSON, P.C.
100 North Tryon Street
Ste. 4150
Charlotte, NC 28202

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Honorable Bernice Donald
US DISTRICT COURT