IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 OCT 21 PM 2:46
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| **TERRENCE MC FAGDON, on behalf of himself and all others similarly situated,** | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | No. 05-2151-D/V ) ) |
| **THE FRESH MARKET, INC.,** | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

On February 25, 2005, Plaintiff, Terrence McFagdon ("Plaintiff") filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, and 42 U.S.C. § 1981, alleging *inter alia,* discrimination on the basis of race. On June 3, 2005, the Defendant, Fresh Market, Inc. ("Defendant" or "Fresh Market") filed the instant motion to dismiss and for a more definite statement (dkt. #10) pursuant to Rule 12(b)(6) and Rule 12(e) of the Federal Rules of Civil Procedure. On July 7, 2005 Plaintiff responded to the motion (dkt. #23).

For the following reasons, this Court GRANTS in part and DENIES in part Defendant's motion to dismiss.

## I. FACTUAL BACKGROUND

In December, 2002, while working for Defendant, Plaintiff an African American, applied unsuccessfully for an assistant manager position at the Fresh Market located in Shelby County, Tennessee. Comp. ¶ 9. As a basis for denying Plaintiff the position, he was told that he needed

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-24-05

45

more experience and was promised a promotion in ninety days. Id. Plaintiff received management training and experience from a competitor before he worked for Defendant. Id. He had also previously managed two rental furniture chains. Id.

After two consecutive ninety-day periods, Plaintiff still had not received a promotion. Id. On July 3, 2003, Plaintiff again applied for the assistant manager position and was denied based on lack of experience. Id. Fresh Market hired a Caucasian male to fill the position with no experience. Id.

Plaintiff received a promotion to assistant manager on March 1, 2004. Aff. Brett Berry ¶ 2 (Jun. 10, 2005). However, Plaintiff was terminated from Fresh Market, on August 24, 2004. Comp. ¶ 10. Before his termination, Plaintiff informed Defendant that he might have to resign due to personal problems unrelated to work and was told in response "to take a few days off." Id. After returning from a two day absence, Plaintiff was told to contact the district manager before recommencing work. Id. After repeated attempts to return to work, and finally attending a meeting with the managers, Defendant informed Plaintiff that he was terminated. Id.

During his term of employment, Plaintiff alleges that Defendant took no action in response to an employee who would refer to African Americans as "niggers," in spite of numerous incident reports. Id. Plaintiff also alleges that he was paid less than Caucasians with the same experience and training. Id.

## II. ANALYSIS

### A. Rule 12(b)(6)

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion tests only whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss

2

meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nietzke, 490 U.S. at 326-27; Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. Nietzke, 490 U.S. at 327; Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis, 135 F.3d at 405-06.

There is no heightened standard of pleading in Title VII cases. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). A complaint satisfies the requirements of Rule 8(a) if the allegations give fair

3

notice of the basis for the plaintiff's claims, and the grounds upon which they rest. See Fed. R. Civ. P. 8(a); see also Swierkiewicz, 534 U.S. 514.

### 1. Disparate Treatment

A Title VII complaint does not have to allege all elements of a prima facie case of unlawful discriminatory treatment based on the evidentiary framework set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 (1973). Swierkiewicz, 534 U.S. at 508, 510-13. The complaint alleges that Plaintiff was terminated on account of his race. Defendant contends that Plaintiff admitted in his EEOC charge that he resigned, and therefore, he cannot now contend he was terminated. In response, Plaintiff quotes his EEOC charge stating that "I never provided the company with resignation." Def.'s Memo. Sup. of Mot. to Dismiss, Exhibit 1.[1]

Defendant alleges that on September 6, 2004, Plaintiff submitted a signed letter of resignation and thus, did not suffer an adverse employment action. Def.'s Memo. in Sup. of Mot. to Dismiss ¶ 3. Ultimately amounting to a factual dispute, Plaintiff contests the authenticity of the letter. Pl.'s Resp. to. Def.'s Mot. to Dismiss. In a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)6, a plaintiff need only assert a cognizable claim. See Scheid, 859 F.2d at 436. Additionally, facts are to be construed in a light most favorable to the plaintiff in a Rule 12(b)6 motion. Sinay, 948 F.2d at 1039-40. Thus, the credibility of Plaintiff's claim is to be evaluated at a later stage of the trial process and not in a motion to dismiss. Since Plaintiff's complaint alleged that Plaintiff was terminated on the basis of his race, Defendant's motion to dismiss is DENIED.

---

[1] Since Plaintiff has had notice of the EEOC charge and refers to it in his response to the instant motion, it is considered a part of the pleadings under a Rule 12(b)(6) motion to dismiss. See Green v. Term City, Inc., 828 F.Supp. 584 (N.D. Ill. 1993) (finding an EEOC charge as a part of the pleadings even though it was not attached to the complaint).

4

### 2. Loss of Consortium

In his complaint, Plaintiff asserts that Defendant has not only injured African-American employees, but also, "denied their spouses, loved ones, and children income due these family units; and, in doing so, [has] impaired their emotional relationships with their spouses, loved ones, and children." Compl. ¶ 2. Defendant interprets this statement as a claim for loss of consortium and asserts that Plaintiff has no standing to bring this type of claim on behalf of Plaintiff's family members. Def.'s Memo. in Sup. of Mot. to Dismiss ¶ 10. Generally, Title VII awards compensatory and punitive damages to the complaining party. 42 U.S.C. § 1981a(a)(1). Chapter 42 of the United States Code Section, 1981 does not specify the type of damages that may be awarded in affirming equal rights under the law. See 42 U.S.C. 1981. Although in Title VII cases, a claim under § 1981 generally only allows a plaintiff to recover damages for past wages. See Brown v. Gaston County Dyeing Mach. Co., 457 F.2d 1377, 1379 (4th Cir. 1972). Notwithstanding Plaintiff's prospective claim on behalf of his 'loved ones', precedent clearly bars a plaintiff from suing for the deprivation of another person's rights. See Jenkins v. Caruth, 583 F.Supp. 613, 616 (E.D. Tenn 1982). As a result, Defendant's motion to dismiss damages as to loss of consortium is GRANTED.

### B. Subject Matter Jurisdiction

Defendant moves to dismiss Plaintiff's claims of retaliation, hostile work environment, constructive discharge, denial of training opportunities, denial of overtime opportunities, unequal pay, and sex discrimination pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction due to his failure to exhaust his administrative remedies. A Title VII plaintiff must first file a charge with the EEOC before pursuing any claim with the courts. 42 U.S.C. §2000e-5(f)(1);

5

Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th. Cir. 1998). This procedure notifies potential defendants of the nature of the plaintiff's claims and provides them with the opportunity to settle claims before the EEOC rather than litigate them. Davis, 157 F.3d at 463. Conciliation serves an important purpose and is not to be easily circumvented. Vinson v. Ford Motor Co., 806 F.2d 686, 688 (6th Cir. 1987). Accordingly, if the plaintiff's complaint is not reasonably related to the EEOC charge, the court lacks jurisdiction to hear the matter. Albeita v. Transamerica Mailings, Inc., 159 F.3d 246, 254 (6th Cir. 1998); Davis, 157 F.3d at 463.

Recognizing that a layperson frequently fills out the EEOC charge, however, the Sixth Circuit permits the plaintiff to allege claims in the complaint that could reasonably be expected to grow out of the EEOC charge. Davis, 157 F.3d at 463; EEOC v. McCall Printing Corp., 633 F.2d 1232, 1235 (6th Cir. 1980). Courts are apt to find that the complaint relates to the EEOC charge where the plaintiff had merely failed to recognize a procedural technicality, distinguish between seemingly identical legal theories, or articulate the exact wording required in a judicial pleading. McCall, 633 F.2d at 1235; Haithcock v.Frank, 958 F.2d 671, 675 (6th Cir. 1992); Davis, 157 F.3d at 463. In contrast, the plaintiff is expected to specify each event which he or she feels was a result of unlawful discrimination. Vinson, 806 F.2d at 688.

However, liberal construction is not necessary where the claimant is aided by counsel in preparing his charge. Ang. v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991) (declining to broadly construe a Title VII charge because the plaintiff "was assisted by counsel throughout the administrative investigation); see also Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998)(citation omitted).

6

### 1. Retaliation

Defendant argues that Plaintiff's failed to make his allegation of retaliation the subject of his EEOC charge, and thus, did not exhaust his administrative remedies. Def.'s Memo. in Sup. of Mot. to Dismiss ¶ 5. Defendant cites the Sixth Circuit in making the argument that only claims of retaliation that are not included in the EEOC charge may be litigated if the retaliation occurred after filing the charge. Id (citing, Ang. v. Proctor & Gamble Co., 932 F.2d 540, 546-47 (6th Cir. 1991).

At the time of his dismissal, Plaintiff had not yet filed a charge with the EEOC. Moreover, when Plaintiff filled out his EEOC charge, he only checked the "Race" box and did not check the "Retaliation" box. The Court cannot disregard this omission since there is nothing in the pleadings that indicates that Plaintiff filed his charge pro se. In recounting the facts leading up to Plaintiff's termination, Plaintiff avers that he took time off from work for reasons unrelated to his employment with Defendant. When Plaintiff returned to work, he found out that he had been terminated. Since Defendant's alleged termination happened before Plaintiff filed his charge, it cannot be reasonably deduced that Plaintiff's termination stemmed from the filing of his Title VII claim. Additionally, it is unknown whether Plaintiff, himself, reported his co-worker's use of racial epithets to management or whether other employees or patrons of Fresh Market made the reports. Plaintiff's allegation that his dismissal was based on race more aptly fits under the purview of disparate treatment analysis rather than retaliation. As a result, Defendant's motion to dismiss Plaintiff's retaliation claim is GRANTED.

### 2. Hostile Environment

As to Plaintiff's hostile work environment claim, Defendant argues that this Court has no subject matter jurisdiction because the requisite conduct was not alleged in Plaintiff's EEOC charge.

7

The "Particulars" section of the EEOC charge to which Defendant refers, states in its entirety:

> "I was denied a promotion to Assistant Manager several times because I allegedly lacked experience. This was not true because I was an Assistant Manager at Rent Way and became Store manager within s[i]x(6) months. I was also Assistant Store Manager with the Kroger Co. However, a [w]hite worker with no experience whatsoever was given the same job after I had been denied the position.
>
> I was also terminated by the company because I could not reverse a resignation and not loyal to the company despite the fact that I never provided the company with resignation.
>
> Fresh Market has engaged in the systematic exclusion of African-Americans from management in all of its stores. I seek to represent the interest of similarly situated individuals."

Def.'s Memo. Sup. of Mot. to Dismiss, Exhibit 1. In response, Plaintiff argues that a liberal reading of the charge's allegation that Defendant systematically excluded African Americans from management would lead the EEOC to investigate a hostile work environment claim. Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 5.

Although Plaintiff's complaint alleges that Defendant failed to reprimand an employee who repeatedly referred to African Americans as "niggers," this abusive conduct is not stated in the EEOC charge. As a result, this conduct can not be considered in determining whether Defendant created a hostile work environment. Generally, Courts can expect the EEOC to identify and investigate legal issues that flow from the plaintiff's factual allegations. However this should not be misinterpreted to automatically mean that claims sharing the same subject matter (i.e., age discrimination), but different factual predicates, are "reasonably related." McCall, 633 F.2d at 1236. See Also, Farmer v. ARA Services Inc., 660 F.2d 1096, 1105 (6th Cir. 1981). Plaintiff's allegation that Defendant denied him a promotion and that Defendant condoned an employee's usage of a racial slur stems from the subject

8

matter of race discrimination. However, it cannot be reasoned that the facts surrounding Defendant's failure to promote Plaintiff, in and of themselves, created an environment that was hostile and abusive. Thus, Defendant's motion to dismiss Plaintiff's hostile work environment claim is GRANTED.

### 3. Other Claims

Defendant sets forth that Plaintiff has pled claims of constructive discharge, denial of training opportunities, denial of overtime opportunities, unequal pay, and sex discrimination that should also be dismissed for lack of subject matter jurisdiction. In his complaint, Plaintiff specifically pleads under the "First Cause of Action" subheading that Defendant's conduct violated "disparate treatment, disparate impact, retaliation, and pattern [or] practice principles of Title VII." Compl. ¶ 10. Defendant has confused Plaintiff's factual allegations with Plaintiff's legal causes of action. Nonetheless, the only factual allegations that this Court has jurisdiction to consider are the ones that could reasonably flow from Plaintiff's EEOC charge. McCall, 633 F.2d at 1236. Constructive discharge, unequal pay, and denial of training and overtime opportunities could be reasoned to arise from Plaintiff's untimely dismissal and the allegation that Defendant has "systematically excluded African Americans from management." As a result, these claims will be limited to factual allegations and not causes of action. On the other hand, Plaintiff's statement that "Fresh Market's tolerance of race discrimination has infected many aspects of department's operations affecting women," has no relevance to the scope of his facts. Compl. ¶ 7. Taken as such, this statement could be read to infer that Plaintiff has pled a sex discrimination cause of action. Plaintiff has not alleged any facts in his EEOC charge to support subject matter jurisdiction of this claim. Accordingly, Defendant's motion to dismiss Plaintiff's sex discrimination claim is GRANTED.

### C. Motion for a More Definite Statement

Defendant argues that Plaintiff's complaint is so "conclusory, confusing, and convoluted" that Defendant "can not be reasonably required to frame a responsive pleading" pursuant to Federal Rule of Procedure 12(e). Def.'s Memo. in Sup. of Mot. to Dismiss ¶ 11. See Fed. R. Civ. P. 12(e). In a complaint, a plaintiff need only give notice of the specific charge. See Fleming v. Mason and Dixon Lines, Inc., 42 F.Supp. 230, 231 (E.D. Tenn. 1942). Plaintiff's complaint has provided Defendant notice of the pending causes of action. Accordingly, Defendant's motion to for a more definite statement is DENIED.

### IV. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss Plaintiff's claim for disparate treatment and Defendant's motion for a more definite statement are **DENIED**. Defendant's motion to dismiss Plaintiff's claims for retaliation, hostile work environment, and sex discrimination are hereby **GRANTED**.

IT IS SO ORDERED this 20th day of October, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

10

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 45 in case 2:05-CV-02151 was distributed by fax, mail, or direct printing on October 24, 2005 to the parties listed.

---

Lawrence W Williamson
SHORES WILLIAMSON & OHAEBOSIM LLC
Epic Center 1400
301 N. Main
Wichita, KS 67202

Uzo L. Ohaebosim
SHORES WILLIAMSON & OHAEBOSIM, LLC
1400 Epic Center
301 North Main
Wichita, KS 67202

Steven Hymowitz
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas P. Dowd
LAKE TINDALL & THACKSTON
P.O. Box 918
Greenville, MS 38701

Marylin E. Culp
LITTLER MENDELSON, P.C.
100 North Tryon Street
Ste. 4150
Charlotte, NC 28202

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Honorable Bernice Donald
US DISTRICT COURT