FILED BY *ube* D.C

05 NOV 22 PM 4: 1!

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TERRENCE MCFADGON, on behalf of )
themselves and all others )
similarly situated, )
     )
     )
        Plaintiff, )
     )           No. 05-2151DV
     )
vs. )
     )
THE FRESH MARKET, INC., )
     )
        Defendant. )

---

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
AND JOIN AN ADDITIONAL PLAINTIFF

---

Before the court is the September 22, 2005 motion of the
plaintiff, Terrence McFadgon, pursuant to Rules 15(a) and 20(a) of
the Federal Rules of Civil Procedure, for leave to amend the
complaint to join an additional plaintiff. McFadgon seeks to add
Terra Mukes as a named plaintiff in this action. This motion was
referred to the United States Magistrate Judge for determination.

On February 25, 2005, McFadgon filed a complaint in the
Western District of Tennessee against his former employer, The
Fresh Market, Inc., alleging individual and class claims of racial
discrimination under Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. On June 3, 2005, The
Fresh Market filed a motion to dismiss and/or motion for a more
definite statement. On June 13, 2005, The Fresh Market also filed

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

a motion for transfer of venue, seeking a transfer to the Middle District of North Carolina, where its corporate headquarters are located.  By order dated October 21, 2005, U.S. District Judge Bernice B. Donald denied The Fresh Market's motion to transfer venue and granted in part and denied in part The Fresh Market's motion to dismiss.

This matter is now before the court on the motion of McFadgon, for leave to amend the complaint to join Mukes as an additional party plaintiff pursuant to Rules 15(a) and 20(a) of the Federal Rules of Civil Procedure.  In support of its motion, McFadgon contends that the court should allow the amendment because The Fresh Market would not suffer prejudice and there was no undue delay or bad faith for the amendment. (Pl.'s Mem. Supp. Pl.'s Mot. Leave to Amend & Join Add'l Pl. 4-5).  Additionally, McFadgon argues that pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, Mukes asserts claims "arising out of the same transaction or occurrence" involving common issues of fact and law. (*Id.* at 5-6).

The Fresh Market's primary opposition to McFadgon's motion is that the motion is merely "an improper effort to influence the Court's determinations relating to transfer and dismissal." (Def.'s Mem. Supp. Resp. Opp'n Pl.s' Mot. Leave to Amend & Join Add'l Pl. 2).  In support of their contention, The Fresh Market

2

notes that Mukes' allegations are duplicative of McFadgon's and thus unnecessary. (*Id.* at 3).

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15(a), the court has some discretion in allowing amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The court, in exercising that discretion, should consider factors such as prejudice to the opposing party, undue delay, any bad faith or dilatory motive in moving for the amendment, and futility of amendments. *Id.*

In support of its position, The Fresh Market points to opinions criticizing attempts to influence venue and jurisdictional requirements. In *Gilbert v. Gen. Elec. Co.*, 347 F. Supp. 1058, 1058-59 (E.D. Va. 1972), the court acknowledged that the purpose of a request to add parties plaintiff to the class action was most likely to influence jurisdictional and venue determinations. *Id.* at 1059; *see also Parker-Hannifin Corp. v. Samuel Moore & Co.*, 436 F. Supp. 498, 500 (N.D. Ohio 1977) (quoting *Pierce v. Int'l Tel. & Tel. Corp.*, 147 F. Supp. 934, 944 (D.N.J. 1957) (stating in dicta that a motion to intervene is appropriately denied where the proposed intervenor is using the procedure to obtain a change of venue from a court having jurisdiction to a court not presently having jurisdiction). The *Gilbert* court allowed the addition of

3

parties plaintiff, however, reasoning that the addition of the parties would not have a prejudicial effect upon the parties because the litigation was at an initial stage. *Gilbert*, 347 F. Supp. at 1059.

In the present action, the amendment of the complaint to add Mukes will not influence the court's determination of venue or dismissal. Judge Donald has already denied the motion to transfer to North Carolina and ruled on the motion to dismiss, negating the possibility that the amendment would influence the either determination. Further, this case is at initial stage, just as the class action in *Gilbert* was also at the initial stages. As such, an amendment to add Mukes as a plaintiff will not have a prejudicial effect on The Fresh Market in preparing its case.

The addition of Mukes meets the requirements of Rule 20(a) of the Federal Rules of Civil Procedure. The purpose of Rule 20 is to promote judicial efficiency and prevent multiplicity of suits. *See Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 880, 887 (S.D. Ohio 2003) (citations omitted). Rule 20(a) allows joinder of plaintiffs if the rights asserted arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). The first requirement of "transactional relatedness" requires a case-by-case analysis.

4

*Scott*, 284 F. Supp. at 888.  Courts have found the requirement to be met where a "'pattern or practice' of discrimination or wrongful conduct" is alleged.  *Id.* (quoting *United States v. Mississippi*, 380 U.S. 128, 142 (1965); *Crutcher v. Kentucky*, 961 F.2d 1576 (6th Cir. 1992) (unpublished table decision)).  The second requirement of "common question" is usually easy to prove.  *Id.*

The Fresh Market acknowledges that Mukes' allegations are "largely duplicate of Plaintiff['s] . . . claims" and that she would be a potential member of Plaintiff's putative class.  (Def.s' Mem. 3).  Both McFadgon and Mukes allege patterns of racial discrimination by the same employer during the same time frame. (*See* Compl. 9-10; Pl.'s Mem. 3).  Thus, the claims are sufficiently similar to be of the same transaction, occurrence, or series of transactions or occurrences.  In addition, both individuals rely upon the same legal theories for their claims, satisfying the "common question" requirement.  Allowing joinder of Mukes as a party plaintiff in this action will prevent Mukes from bringing a separate action against the same defendant, thus promoting the purpose of joinder—promoting judicial efficiency by preventing a multiplicity of suits.

For the foregoing reasons, McFadgon's motion for leave to amend and join an additional plaintiff is granted.  McFadgon shall file the amended complaint within fifteen days of the date of entry

of this order and serve it on The Fresh Market as required by the

Rules.

IT IS SO ORDERED this 22nd day of November, 2005.

*Diane K. Vescovo*

**DIANE K. VESCOVO**
**UNITED STATES MAGISTRATE JUDGE**

6

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 51 in case 2:05-CV-02151 was distributed by fax, mail, or direct printing on November 23, 2005 to the parties listed.

---

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Lawrence W Williamson
SHORES WILLIAMSON & OHAEBOSIM LLC
Epic Center 1400
301 N. Main
Wichita, KS 67202

Steven Hymowitz
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas P. Dowd
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC 20036

Uzo L. Ohaebosim
SHORES WILLIAMSON & OHAEBOSIM, LLC
1400 Epic Center
301 North Main
Wichita, KS 67202

Marylin E. Culp
LITTLER MENDELSON, P.C.
100 North Tryon Street
Ste. 4150
Charlotte, NC 28202

Honorable Bernice Donald
US DISTRICT COURT