IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC -1  PM 2: 40

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

TERRENCE MCFADGON, on behalf of )
themselves and all others similarly situated, )
)
    Plaintiff, )  Case No.: 05-2151-DV
)
v. )
)
THE FRESH MARKET, INC., )
)
    Defendant. )

## PARTIES' SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held Thursday, December 1, 2005. Present were Lawrence Williamson, counsel for Plaintiff, and Thomas Dowd and Steven Hymowitz, counsel for the Defendant. At the conference, the following dates were established as the final dates for:

INITIAL DISCLOSURES PURSUANT to Fed.R.Civ.P. 26(a)(1):  The parties shall exchange Fed. R. Civ. P. 26(a)(1) Initial Disclosures by December 16, 2005.

JOINING PARTIES and AMENDING PLEADINGS:  Any motion for leave to join additional parties or to amend the pleadings shall be filed no later than July 31, 2006. Any motion by a party seeking a ruling on class certification must be filed by October 31, 2006. The opposing party's response to any motion regarding class certification will be due sixty (60) days after the motion regarding class certification is filed, and any reply by the moving party shall be filed fifteen (15) days after the filing of the opposing party's response.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _12/2/05_

INITIAL MOTIONS TO DISMISS: Plaintiff has filed a motion to amend his Complaint to add Terra Mukes as a named plaintiff. If Plaintiff is granted leave to amend his Complaint to include Ms. Mukes as an additional named plaintiff, Defendant shall file its responsive pleading or any motion to dismiss within the time frames set forth in the rules.

COMPLETING ALL DISCOVERY: The parties agree that discovery should initially occur in two phases. Phase I shall consist of the discovery relating to Plaintiff's individual claims and discovery relating to whether the prerequisites exist to support a class action under Rule 23(a) and (b). Phase I shall commence December 16, 2005 and shall close September 15, 2006. Discovery related to the prerequisites set forth in Rule 23(a) and (b) shall initially encompass all of Defendant's stores in the Region that includes Defendant's Memphis, Tennessee stores which encompasses approximately 10 stores in Tennessee, Louisiana, and Alabama. If initial discovery reveals a basis for expanding discovery company-wide, the plaintiff may move the court for permission to do so. Not later than July 31, 2006, Plaintiff will identify the name, address and telephone number of each individual that Plaintiff will be relying upon as an affiant or deponent in support of any motion for class certification that Plaintiff may file. Absent Court approval, Plaintiff may not submit supporting affidavits or other evidence in support of class certification from individuals who have not been identified as affiants by July 31, 2006.

In the absence of class certification, Phase II discovery shall relate to any remaining issues concerning the merits of Plaintiff's individual claims and shall last for a period of ninety (90) days after the entry of the ruling denying class certification (or any related motion for reconsideration) or ninety (90) days after October 31, 2006 if no motion for class certification is filed by that date. In the event of class certification, Phase II discovery shall relate to the merits of the class claims, and it shall commence upon entry of a ruling certifying a class of plaintiffs

2

(or any related motion for reconsideration) and shall close six (6) months after the date that the Court enters its ruling regarding class certification or any related motion for reconsideration.

With respect to the issue of punitive damages, discovery regarding Defendant's net worth and related financial information will be delayed until such time as the Court rules on Defendant's anticipated motion at the close of Phase II discovery for summary adjudication on the issue of punitive damages. Nothing in this order shall preclude the parties, however, from conducting discovery on aspects of alleged punitive damages other than the financial information described above. Any motion by Defendant for summary adjudication on the issue of punitive damages must be filed no later than sixty (60) days after the close of Phase II discovery. If Defendant's motion is denied, then there will be an additional sixty (60) day period for discovery on the issue of punitive damages, and the sixty (60) day period shall commence upon the date that the Court rules on Defendant's anticipated motion for summary adjudication or any related motion for reconsideration.

The parties must serve discovery requests in sufficient time to allow the full response time before the discovery cutoff date.

    (a)    DOCUMENT PRODUCTION: Requests for document production shall be timed so that responses are due within the time frame for discovery set forth above.

    (b)    DEPOSITIONS, INTERROGATORIES AND REQUESTS FOR ADMISSIONS: Promulgation of interrogatories, requests for admissions and the scheduling of depositions shall be timed so that depositions and discovery responses are due within the time frame for discovery set forth above. The limitation on the number of depositions set forth in Fed. R. C. Proc. Rule 30 shall not be applicable. The

limitation on length of depositions that is set forth in Fed. R. Civ. Proc. Rule 30 shall be applicable except as to depositions involving expert witnesses, named class members, and representatives from Defendant's corporate office.

(c) EXPERT WITNESS DISCLOSURE (Rule 26):

(1) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than May 17, 2006. Plaintiff shall make any expert witness(es) available for deposition no later than four (4) weeks after identifying the experts and providing their reports.

(2) Defendant shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than June 16, 2006. Defendant shall make any expert witness(es) available for deposition no later than four (4) weeks after identifying its experts and providing their reports.

FILING DISPOSITIVE MOTIONS: In the absence of class certification, dispositive motions must be filed no later than sixty (60) days after the close of Phase II discovery or, if no motion for class certification is filed, then no later than sixty (60) days after the date that any motion for class certification was required to be filed. If a dispositive motion is filed in circumstances where there has been no class certification, then any response shall be filed within the time frame set forth in the Court's Local Rules. In the event of class certification, dispositive motions must be filed no later than ninety (90) days after the close of Phase II of discovery. Any responses to such post-certification dispositive motions shall be filed no later than sixty (60) days after the date the dispositive motion is filed, and any replies shall be filed within fifteen (15) days after the filing of the responsive document.

4

OTHER RELEVANT MATTERS: Defendant anticipates the need to depose each plaintiff and putative class member if the putative class is certified on issues relating to both liability and damages. No depositions may be scheduled to occur after the discovery cutoff date absent the written agreement of both parties. All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 30 days after the event that serves as the basis of the default or the subject of the motion. If the default occurs within 30 days of the discovery deadline, the motion to compel discovery must be filed before the close of discovery unless the time for filing of such motion is extended for good cause shown. In the absence of a timely motion to compel discovery, the objection to the default, response, answer, or objection shall be waived.

This case is set for jury trial, and the trial is expected to be bifurcated into two stages. Stage I will try to a jury the question of liability only and will last 10 – 14 days. Stage II will try to the same jury the issue of damages and is likely to require up to 25-30 days or longer depending on the size of the class. It is anticipated that this 25-30 day period would include the litigation of any requests for injunctive relief or other equitable relief that would need to be addressed to the Court rather than to a jury. The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.

This case is appropriate for ADR. The parties are directed to engage in court-annexed attorney mediation or private mediation after the close of Phase II discovery.

The parties are reminded that pursuant to Local Rule 11(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 46, 59, and 60 shall be accompanied by a proposed order. The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of the court and except as noted in this Order. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

PROCEEDINGS BEFORE A MAGISTRATE:  At this point in time, the parties have not consented to proceed with all facets of the case, including trial, before the magistrate judge. This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

It is so ordered this __1st__ day of December, 2005.

_____
DIANE K. VESCOVO
UNITED STATES DISTRICT COURT



# Notice of Distribution

This notice confirms a copy of the document docketed as number 53 in case 2:05-CV-02151 was distributed by fax, mail, or direct printing on December 5, 2005 to the parties listed.

---

Thomas P. Dowd
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC 20036

Marylin E. Culp
LITTLER MENDELSON, P.C.
100 North Tryon Street
Ste. 4150
Charlotte, NC 28202

Uzo L. Ohaebosim
SHORES WILLIAMSON & OHAEBOSIM, LLC
1400 Epic Center
301 North Main
Wichita, KS 67202

Steven Hymowitz
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Lawrence W Williamson
SHORES WILLIAMSON & OHAEBOSIM LLC
Epic Center 1400
301 N. Main
Wichita, KS 67202

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Lawrence W Williamson
SHORES WILLIAMSON & OHAEBOSIM LLC
Epic Center 1400
301 N. Main
Wichita, KS 67202

Thomas P. Dowd
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC 20036

Uzo L. Ohaebosim
SHORES WILLIAMSON & OHAEBOSIM, LLC
1400 Epic Center
301 North Main
Wichita, KS 67202

Steven Hymowitz
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Marylin E. Culp
LITTLER MENDELSON, P.C.
100 North Tryon Street
Ste. 4150
Charlotte, NC 28202

Honorable Bernice Donald
US DISTRICT COURT